**LIPSCOMB v. GROVES et al.**
**Civ. No. 8063.**

United States District Court
E. D. Pennsylvania.
March 11, 1949.

Stark & Goldstein, of Philadelphia, Pa., for plaintiff.

Springer H. Moore, Jr., of Philadelphia, Pa., for defendants.

McGRANERY, District Judge.

1. On June 26, 1947, plaintiff, a citizen of the United States, was a member of the American Merchant Marine.

2. When plaintiff was seven years old he underwent an operation for the removal of his spleen at the Methodist Hospital, Philadelphia. This operation resulted in a scar on the left side of his abdomen.

3. In 1945, plaintiff underwent an operation for the relief of intestinal obstructions caused by adhesions resulting from the splenectomy. This operation resulted in a scar on the right side of his abdomen.

4. On June 4, 1948, plaintiff signed shipping articles and reported aboard the Steamship Alexander S. Clay. On the same date plaintiff was subjected to a physical examination by Dr. J. W. Negrey on behalf of defendants.

5. On June 26, 1947, the defendants operated and controlled the Steamship Alexander S. Clay in foreign commerce, and on that date, plaintiff was in the employ of the defendants as a member of the crew of the Steamship Alexander S. Clay in the capacity of wiper at the basic wage of $185.50 per month, plus overtime and maintenance.

6. On June 26, 1947, while the vessel was under way in the River Seine, enroute to Rouen, France, plaintiff became very ill.

7. As a result, he was removed from the vessel and taken to a hospital at Rouen, France, where an emergency operation for an intestinal obstruction was performed. This operation resulted in a scar in the middle of his abdomen.

8. Plaintiff remained in the hospital at Rouen, France, for approximately one month and was then repatriated, at no expense to him, to the United States. He arrived in New York on or about August 11, 1947.

9. Plaintiff promptly reported to the United States Public Health Service at Philadelphia, where he was examined and referred to Dr. Eugene C. Murphy for further examination and consultation.

10. When Dr. Murphy examined plaintiff, he found that plaintiff had recovered from the abdominal operation, was not in need of further treatment, and was wearing a very good abdominal belt.

11. Plaintiff, at the time of his arrival in the United States and at the time of his examination by Dr. Murphy, still felt weak from the operation and was not able to resume work.

12. As a result of the third operation, a complication set in, i. e., a swelling to the right of the unbilicus, which was a partial diastasis of the right rectus abdominalis muscle and produced a slight forward protrusion.

13. In the summer of 1948, plaintiff's weakened abdominal wall had become the site of a ventral hernia. This was a result of and complication from the third operation.

14. Since June 26, 1947, up to the time of trial, plaintiff has been unable to resume his occupation as wiper and is capable of engaging in sedentary work only. During this period, improvement in plaintiff's condition from nursing, care, and medical treatment could reasonably have been expected.

15. Plaintiff returned to work in October, 1947, for Max Black, doing electrical

work and for which he received $30 per week. He continued working for a period of about seven months.

16. Plaintiff's disability was sustained while in the service of the vessel and not by reason of his own vice or misconduct.

17. Plaintiff is entitled to maintenance at the rate of $105 per month, from August 11, 1947 to October, 1947, or the sum of $175; and from May, 1948 to the date of trial, February, 1949, or the sum of $945, making a total of $1,120.

18. The shipping articles entered into between the plaintiff and defendants were for a voyage "from Philadelphia to * * * such other ports and places in any part of the world as the Master may direct, for one voyage only, and back to a final port of discharge in the United States, for a term not exceeding nine calendar months."

19. Plaintiff was paid his full wages up to and including June 26, 1947.

20. Plaintiff is entitled to receive his wages, under the terms of the Shipping Articles, from June 26, 1947, up to October, 1947, at the base pay of $185.50 per month, for a total of $581.25.

21. For the balance of the five months of the term of the Shipping Articles, plaintiff mitigated damages to the extent of $30 per week, or $660; his wages for that period under the term of the articles would have been $927.50; plaintiff is, therefore, entitled to further wages under the term of the articles in the sum of $267.50.

## Conclusions of Law.

■ 1. Plaintiff sustained disability in the service of the Steamship Alexander S. Clay on June 26, 1947.

2. Plaintiff is entitled to receive maintenance at the rate of $105 per month from August 11, 1947 to October, 1947, or the sum of $175; and from May, 1948, to the date of trial, February, 1949, or the sum of $945, making a total sum due plaintiff for maintenance to be $1,120; without prejudice to any later suit by plaintiff to recover such further maintenance to which he may be entitled, subsequent to the date of the conclusion of the trial, namely, February 1, 1949.

3. Plaintiff is entitled to receive his wages under the terms of the Shipping Articles from June 26, 1947, up to October, 1947, at the base pay of $185.50 per month, or a total of $581.25.

4. For the balance of the term of the Shipping Articles, plaintiff mitigated damages to the extent of $30 per week, or $660; his base wages for that period under the terms of the Shipping Articles would have been $927.50; plaintiff is, therefore, entitled to receive additional wages under the terms of the Shipping Articles in the sum of $267.50.

■ 5. Defendant's duty to furnish maintenance and cure extends for a fair time after the termination of the voyage during which improvement in plaintiff's condition from nursing, care and medical treatment could reasonably be expected.

6. Such a period, under the circumstances of this case, encompasses the time from June 26, 1947, to the date of trial.

7. Plaintiff is entitled to an award for maintenance and cure and wages of $1,968.75.